## Case No. 8,817.

### McGUNNIGLE et al. v. SIMMES.

[1 Hayw. & H. 285.] [1]

Circuit Court, District of Columbia. Nov. 10, 1847.

GAMING—ASSIGNMENT OF CERTIFICATE IN PLAY.

M. obtained a certificate for the payment of money from G., the owner and payee, by gambling, and assigned the same to L. and J. The assignment *held* void, as being in violation of the provisions of the act of 9 Anne in relation to gambling.

[This was an action at law by Alexander McGunnigle, Lee & Johnson, use of Johnson & Lee, against Edward Simmes.]

Gillespie had obtained from Eaton and Hubley, commissioners under the Cherokee treaty, a certificate of $2,506. On this, $250 had been paid out on Gillespie's order, leaving due on said certificate $2,256. This certificate came, by endorsement of Gillespie and assignment of one Alexander McGunnigle, into the possession of the plaintiffs, who, through their attorney, made application for payment to the department, or the proper officers thereof. An order from the secretary of war was given to the auditor, who passed the account notwithstanding the objection of said Gillespie, who was making effort to stop the payment. When the account came to the second comptroller it was delayed for some purpose or other. At this stage an injunction was prayed by the said Gillespie from the circuit court to stop the payment of the said certificate on the ground that the same had been obtained by McCunnigle by gambling, and that the said assignment was void. On this injunction the usual bond was given by said Gillespie, and sureties in the penalty of $1,000, that he would prosecute his suit with effect, &c. Shortly after he (Gillespie), without the knowledge of the other party, obtained from the department the amount on his certificate, and immediately dismissed his bill in chancery.

B. S. Cox and J. M. Carlisle, for plaintiffs. Marbury, May & Bradley, for defendant.

THE COURT permitted the defendant to show that the certificate was obtained by McGunnigle from Gillespie by gambling, and that the statute of 9 Anne, c. 14, [2] in relation

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] Whereas, the laws now in force for preventing the mischiefs which happen by gaming have not been found sufficient for that purpose: Therefore, for the further preventing of all excessive and deceitful gaming, be it enacted by the queen's most excellent majesty, by and with the advice and consent of the lords spiritual and temporal, and commons in this present parliament, and by authority of the same, that from and after the first day of May, one thousand seven hundred and eleven, all notes, bonds, bills, judgments, mortgages, or other securities or conveyances whatsoever, given, granted, drawn or entered into or executed by any person or persons whatsoever, where the whole or part of the consideration of such conveyances or se-

to gambling, in force here, rendered the assignment utterly void, and the jury was instructed to render merely nominal damages for the plaintiffs.

Verdict for the plaintiffs. Judgment for one cent damages and cost of suit.

curities shall be for any money, or other valuable things whatsoever, won by gaming or playing at cards. dice table, tennis, bowls, or other game or games whatsoever, or by betting on the sides or hands of such as do game at any of the games aforesaid, or for the reimbursing or repaying any money knowingly lent or advanced at the time and place of such play to any person or persons so gaming or betting as aforesaid, or that shall, during such play, so play or bett, shall be utterly void, frustrate, and of non effect to all intents and purposes whatsoever, any statute, law or usage to the contrary thereof in any wise notwithstanding. Alexander's British Statutes. 689.

